UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDES PETROLEUM ECUADOR LTD., <br><br> *Petitioner*, <br><br> v. <br><br> OCCIDENTAL EXPLORATION AND PRODUCTION COMPANY, <br><br> *Respondent*. | Civil Action No. 1:23-cv-06992 |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Andes Petroleum Ecuador Ltd. ("Andes" or "Petitioner"),[1] by and through its undersigned counsel, Herbert Smith Freehills New York LLP, files this petition (the "Petition") pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") implementing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517 (the "New York Convention") for an order and judgment confirming an arbitration award rendered against Respondent Occidental Exploration and Production Company ("OEPC" or "Respondent," and collectively with Andes, the "Parties").  This Petition is supported by the Declaration of Daniela Páez (the "Páez Declaration"), dated August 8, 2023.  In support of this Petition, Andes respectfully alleges as follows:

## INTRODUCTION

1. By order dated November 15, 2021, this Court granted Andes' petition to confirm a March 26, 2021 Arbitration Award in its favor against OEPC (the "2021 Final

---

[1] "Andes" or "Petitioner" includes Andes' predecessors, such as City Investing Company Limited.

1

Award," a true and correct copy of which is attached as **Exhibit 1** to the Páez Declaration), and on December 2, 2021 entered judgment in the amount of $558,577,380.56 plus costs in Andes' favor (the "Final Judgment," ECF No. 47, *Andes Petroleum Ecuador Ltd. v. Occidental Exploration & Production Company*, Case No. 1:21-CV-03930-AKH).  This Court's order was affirmed by the United States Court of Appeals for the Second Circuit by summary order dated June 15, 2023, a true and correct copy of which is attached as **Exhibit 2** to the Páez Declaration.

2. This Petition seeks to confirm a second arbitration award also rendered against OEPC and in favor of Andes (the "2023 Final Award," a true and correct copy of which is attached as **Exhibit 3** to the Páez Declaration).  The 2023 Final Award, which denied OEPC's claims in their entirety on the ground of *res judicata* as a result of the 2021 Final Award, is the latest chapter in OEPC's nearly decade-long gambit to avoid paying its debt to Andes.[2]

## PARTIES

3. Petitioner Andes is a corporation incorporated under the laws of Barbados with its principal place of business at Avenida Naciones Unidas E-10-44 y República de El Salvador, Edificio Citiplaza, Quito, Ecuador.

4. Respondent OEPC is a corporation incorporated under the laws of California.  Its principal address is 5 Greenway Plaza, Suite 110, Houston, Texas 77046.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this Petition pursuant to 9 U.S.C. § 203 as an action "falling under the [New York] Convention" because the Petition seeks confirmation

---

[2] Andes' motion for a turnover order to try to enforce its judgment against OEPC's parent, Occidental Petroleum Corporation ("OPC"), is currently fully briefed and pending before this Court.  (*See* ECF No. 67, *Andes Petroleum Ecuador Ltd. v. Occidental Exploration and Production Company*, Case No. 1:21-cv-03930-AKH.)

of an arbitration award arising out of a commercial legal relationship not "entirely between citizens of the United States." *See* 9 U.S.C. § 202. Diversity jurisdiction also exists because the Parties are of diverse citizenship and the matter in controversy exceeds the value of $ 75,000. 28 U.S.C. § 1332(a).

6. This Court has personal jurisdiction over Respondent because the arbitration giving rise to the 2023 Final Award was seated in this District, the 2023 Final Award was made in this District, and the Parties agreed to arbitrate in this District. 9 U.S.C. § 9; *Alstom Brasil Energia e Transporte Ltda. v. Mitsui Sumitomo Seguros S.A.*, 2016 WL 3476430, at *5 (S.D.N.Y. June 20, 2016) ("It is well-settled that federal courts applying New York law have personal jurisdiction over parties that agree to arbitrate their disputes in New York. Such a designation functions as the party's consent to jurisdiction, because to hold otherwise would be to render the arbitration clause a nullity.") (citation omitted).

7. Venue is proper in this District pursuant to 9 U.S.C. § 204 because the place of arbitration designated in the Parties' agreements was New York, New York.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

**A.    OEPC Enters Into Contracts With, And Ultimately Litigates With, Ecuador.**

8. In 1999, OEPC entered into a contract to obtain rights to explore and exploit hydrocarbon deposits in a region of Ecuador known as "Block 15" (the "Block 15 Participation

Contract"). (2023 Final Award ¶ 16.) The following year, OEPC sold to Andes' predecessor-in-interest a forty percent economic interest in OEPC's rights with respect to Block 15.[3] (*Id.* ¶ 17.)

9. After Ecuador threatened to terminate the Block 15 Participation Contract, the Parties executed an agreement by letter dated February 22, 2006 (the "Letter Agreement"),[4] a true and correct copy of which is attached as **Exhibit 7** to the Páez Declaration. (*Id.* ¶ 24.) The Letter Agreement provided that Andes was entitled to receive forty percent of any monetary award that OEPC received from Ecuador in the event Ecuador terminated OEPC's (and Andes') rights with respect to Block 15. (Letter Agreement ¶ 2(g).)

10. The threat of termination came to fruition on May 15, 2006 when Ecuador terminated the Block 15 Participation Contract and expropriated Block 15. (2023 Final Award ¶ 33.) In response, OEPC and OPC initiated an arbitration against Ecuador (the "Ecuador Arbitration").[5] (*Id.* ¶ 34.)

11. On October 5, 2012, OEPC and OPC prevailed in the Ecuador Arbitration and were awarded approximately two billion dollars. (*Id.* ¶¶ 37–38.) However, after a challenge from Ecuador, the award was reduced by forty percent based upon a finding that the Ecuador

---

[3] The Parties executed several agreements at this time, including: (1) the Farmout Agreement, dated October 19, 2000 (the "Farmout Agreement"), a true and correct copy of which, excluding its exhibits, is attached as **Exhibit 4** to the Páez Declaration; and (2) the Joint Operating Agreement, dated October 31, 2000, a true and correct copy of which is attached as **Exhibit 5** to the Páez Declaration. The Parties' agreement to arbitrate can be found in Section 7.01 of the Farmout Agreement, which adopts the arbitration procedures set out in Exhibit H to the Farmout Agreement ("Exhibit H"). A true and correct copy of Exhibit H is attached as **Exhibit 6** to the Páez Declaration.

[4] The Letter Agreement explicitly amended the Farmout Agreement. (Letter Agreement ¶ 4.)

[5] The Ecuador Arbitration was filed before the International Centre for the Settlement of Investment Disputes ("ICSID") and captioned *Occidental Petroleum Corporation and Occidental Exploration and Production Company v. Republic of Ecuador*, ICSID Case No. ARB/06/11. (2023 Final Award ¶ 34.)

4

Arbitration tribunal had improperly compensated OEPC for one hundred percent of its investment in Block 15 when forty percent of such investment belonged to Andes. (*Id.* ¶¶ 40–42.)

12. After the reduction, OEPC, OPC, and Ecuador executed a settlement agreement pursuant to which Ecuador paid OEPC and OPC $979,699,368 (the "Settlement Amount"). (*Id.* ¶ 44.) Pursuant to paragraph 2(g) of the Letter Agreement, OEPC owed Andes forty percent of the Settlement Amount. (Letter Agreement § 2(g).)

13. Andes contacted OEPC on February 23, 2016, requesting that OEPC pay its debt to Andes. (2023 Final Award ¶ 47.) By letter dated March 4, 2016, OEPC, with the assistance of OPC, began its years-long litigation efforts to thwart the Letter Agreement and ensure OPC kept one hundred percent of the Settlement Amount. (*Id.*)

### B. Andes Is Forced To Initiate Arbitration Against OEPC To Recover Its Share Of The Settlement Amount.

14. Because of OEPC's wrongful refusal to provide Andes with its portion of the Settlement Amount, Andes was forced to commence an arbitration against OEPC on July 10, 2017 (the "2017 Andes/OEPC Arbitration").[6] (*Id.* ¶ 48.)

15. Throughout the 2017 Andes/OEPC Arbitration, OEPC raised a myriad of meritless defenses, including that "Andes' recovery should be reduced to reflect . . . alleged commercial benefits Andes obtained from Ecuador . . . ." (*Id.* ¶ 50.)

16. After nearly four years of arbitration, on March 26, 2021 the tribunal issued the 2021 Final Award in which it denied all of OEPC's defenses with prejudice, including OEPC's

---

[6] The 2017 Andes/OEPC Arbitration was held before the American Arbitration Association ("AAA"), administered by the International Centre for Dispute Resolution ("ICDR"), and captioned *Andes Petroleum Ecuador Ltd. v. Occidental Exploration and Production Company*, ICDR Case No. 01-17-004-0048. (*Id.* ¶ 48.)

5

defense that Andes' compensation should be offset by any compensation that Andes may have somehow secretly received from Ecuador.  (*Id.* ¶¶ 52–53; 2021 Final Award ¶¶ 327–28, 347.)

17.     The tribunal determined that OEPC's refusal to pay Andes forty percent of the Settlement Amount breached the Letter Agreement and ordered OEPC to pay approximately half a billion dollars to Andes (the "2021 Final Award Amount").  (2023 Final Award ¶ 53; 2021 Final Award ¶ 347.)

### C.     OEPC Continues To Refuse To Pay Andes.

18.     The 2021 Final Award required OEPC to pay Andes the 2021 Final Award Amount by no later than April 25, 2021.  (*See* 2021 Final Award ¶ 347; 2023 Final Award ¶ 58.)  By letter dated April 26, 2021, OEPC informed Andes that it would once again refuse to pay its debt, and instead would seek to vacate the 2021 Final Award.  (*See* 2023 Final Award ¶ 59.)

19.     As a result of OEPC's refusal to pay, Andes filed a petition to confirm the 2021 Final Award in this Court on May 3, 2021.  (*Id.* ¶ 63.)  OEPC cross-moved to vacate.  (*Id.*)

20.     On November 15, 2021, this Court granted Andes' petition to confirm and denied OEPC's motion to vacate.  (*Id.* ¶ 64.)  The Court entered the Final Judgment in favor of Andes on December 2, 2021.  (*Id.*)  OEPC appealed.  (*Id.* ¶ 65.)

21.     On June 15, 2023, the Second Circuit issued a summary order affirming this Court's confirmation of the 2021 Final Award.  (*Id.*)  On July 13, 2023, OEPC filed a petition for rehearing en banc that is currently pending before the Second Circuit.  (*See* ECF No. 131, *Andes Petroleum Ecuador Ltd. v. Occidental Exploration and Petroleum Company*, Case No. 21-3039.)

### D.     OEPC Initiates An Arbitration Against Andes Recycling Its Arguments That Had Already Been Rejected.

22.     OEPC was undeterred by the confirmation of the 2021 Final Award.  On November 1, 2021, just two weeks before the award was confirmed, OEPC sought to collaterally

attack the 2021 Final Award by commencing an arbitration against Andes (the "2021 OEPC/Andes Arbitration").[7] (*See* 2023 Final Award ¶ 62.) OEPC claimed that the 2021 Final Award somehow did not conclusively determine the amount that it owed Andes, and, in fact, the 2021 Final Award Amount should be offset by other amounts Andes allegedly owed OEPC pursuant to the Parties' agreements.[8] (*See id.* ¶¶ 66–67, 167–70.)

23. During the 2021 OEPC/Andes Arbitration, OEPC *again* asserted that Andes had received secret compensation from Ecuador and that the 2021 Final Award Amount should be offset by any such compensation. (*See id.* ¶ 111 (quoting Procedural Order No. 12).) The "evidence" OEPC provided in support of this claim was a single document that memorialized a December 22, 2015 meeting between then-Ecuadorian Attorney General Dr. Diego Garcia Carrión and then-Andes President Dr. Xiang Zhang (the "Meeting Minutes"). (*Id.* ¶¶ 95, 111 (quoting Procedural Order No. 12).)

24. OEPC argued, among other things, that the Meeting Minutes substantiated its "secret compensation" theory. (*See id.* ¶ 111 (quoting Procedural Order No. 12).) OPC has also relied upon the Meeting Minutes to make an identical "secret compensation" argument before this Court in opposition to Andes' pending motion for a turnover order against OPC. (*See e.g.* ECF No. 92 at 25–27, 64–65, *Andes Petroleum Ecuador Ltd. v. Occidental Exploration and Production Company*, Case No. 1:21-cv-03930-AKH.)

---

[7] The 2021 OEPC/Andes Arbitration was conducted under the AAA Commercial Arbitration Rules as amended and effective from October 1, 2013, including the Procedures for Large, Complex Commercial Cases, administered by the ICDR, and captioned *Occidental Exploration & Production Company v. Andes Petroleum Ecuador Ltd.*, ICDR Case No. 01-21-0017-1584. (2023 Final Award at 1, ¶¶ 7, 13.) The seat of the 2021 OEPC/Andes Arbitration was New York, New York. (*Id.* ¶ 13.)

[8] OEPC sought to recover a total of $309,518,463.14. (*Id.* ¶¶ 62, 131.)

25. But this "secret compensation" theory was rejected by the arbitration tribunal in the 2021 OEPC/Andes Arbitration (the "Tribunal"). (*See generally* 2023 Final Award; *see also id.* ¶ 111 (quoting Procedural Order No. 12).) The Tribunal determined that the Meeting Minutes fell "far short of justifying [the] conclusion" that the Meeting Minutes "evidenced an extant agreement between Andes and Ecuador to the effect that Andes would be compensated for the loss of its 40% interest in Block 15 by being granted concessions in" other blocks. (*Id.* ¶ 111 (quoting Procedural Order No. 12 ¶ 19).) "By itself . . . [the Meeting Minutes were] insufficient to show that OEPC had a good faith basis to allege a *quid pro quo* agreement . . . Ultimately, OEPC offered argument and speculation, not evidence." (*Id.* (quoting Procedural Order No. 12 ¶ 21).)

26. The Tribunal also determined that the Meeting Minutes did not "undermin[e] the conclusions of the [2017] Andes/OEPC [Arbitration] tribunal," (*id.* (quoting Procedural Order No. 12 ¶ 27)), and that OEPC "had failed to show that Andes received commercial benefits from Ecuador . . . as compensation for its loss in Block 15," (*id.* (quoting Procedural Order No. 12 ¶ 26).)

27. On December 12–14, 2022, following briefing and the submission of fact and expert evidence, a virtual merits hearing was held, during which fact and expert witnesses testified and counsel for the Parties presented oral argument. (*Id.* ¶ 107.) After the merits hearing, the Parties engaged in post-hearing briefing and presented closing arguments at a March 27, 2023 in-person hearing. (*Id.* ¶¶ 108, 113.)

28. The Tribunal declared the hearing closed on June 20, 2023. (*Id.* ¶ 121.)

**E.     The 2023 Final Award Rejects OEPC's Latest Attempt To Avoid Paying Andes What It Is Contractually Owed.**

29.     The 2023 Final Award, dated July 8, 2023, was transmitted to the Parties on July 11, 2023 and dismissed all of OEPC's claims, holding that "OEPC ask[ed] th[e] Tribunal . . . to eviscerate Andes' rights established under the Andes-OEPC Final Award by netting off additional alleged costs and expenses never asserted in that Arbitration," which was precluded by the doctrine of *res judicata*. (*See id.* at 1, 69–70, ¶¶ 182–83.)

30.     The 2023 Final Award determined that: (1) the 2017 Andes/OEPC Arbitration and the 2021 OEPC/Andes Arbitration were based on the same cause of action and arose out of the same transaction or series of transactions, (*id.* ¶ 160); and (2) the claims in the 2021 OEPC/Andes Arbitration could have been asserted in the 2017 Andes/OEPC Arbitration, (*id.* ¶ 167). Accordingly, the Tribunal found all of OEPC's claims to be barred by *res judicata*. (*Id.* ¶¶ 182–83.)

## ARGUMENT

31.     This Court should confirm the 2023 Final Award. In reviewing an arbitration award subject to the New York Convention, "arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (citation omitted). Confirmation under the New York Convention "is a summary proceeding in nature," as a "district court confirming an arbitration award does little more than give the award the force of a court order." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). Indeed, under both Section 9 and Section 207 of the FAA this Court must confirm the 2023 Final Award unless it finds applicable one of the grounds for vacatur, modification, or correction specified in 9 U.S.C. §§ 10 and 11 or for refusal or deferral of recognition or enforcement specified in the New York Convention. 9 U.S.C. §§ 9 (courts "must grant" an order confirming an arbitration award "unless

the award is vacated . . . ."), 207 (courts "shall confirm" awards falling under the New York Convention unless "one of the grounds for refusal or deferral of recognition or enforcement" is found). A party must make a high showing "to avoid summary confirmance . . . ." *Yusuf Ahmend Alghanim & Sons, W.L.L., v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (citation omitted). Narrow judicial review of arbitration awards serves "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation . . . ." *Zurich American*, 811 F.3d at 588 (citation omitted); *see also Yusuf Ahmed*, 126 F.3d 15 at 23 (citation omitted).

32. There are no grounds to vacate, modify, or correct or refuse or defer recognition or enforcement of the 2023 Final Award. As such, pursuant to Sections 9 and 207 of the FAA, this Court must confirm the 2023 Final Award. 9 U.S.C. §§ 9, 207; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an order confirming the 2023 Final Award; and
2. Award Petitioner such further relief that this Court deems just and proper.

Dated: August 8, 2023
      New York, New York

                                        Respectfully submitted,

                                        HERBERT SMITH FREEHILLS
                                        NEW YORK LLP

By:   */s/ Scott S. Balber*
        Scott S. Balber
        Christian Leathley
        Steven B. Jacobs
        Daniela Páez
        450 Lexington Ave, 14th Floor
        New York, New York 10017
        Tel:  (917) 542-7801
        Fax:  (917) 542-7601
        Scott.Balber@hsf.com
        Christian.Leathley@hsf.com
        Steven.Jacobs@hsf.com
        Daniela.Páez@hsf.com

        *Attorneys for Petitioner Andes Petroleum Ecuador Ltd.*